**REED SMITH LLP**
*Formed in the State of Delaware*
Diane A. Bettino, Esq.
Brian P. Matthews, Esq.
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08540
Tel (609) 987-0050
Fax (609) 951-0824

Attorneys for Defendant U.S. Bank, N.A., as Trustee on behalf of Citigroup
Mortgage Loan Trust 2012-A by Ditech Financial LLC, s/h/a U.S. Bank, N.A., as
Trustee on behalf of Citigroup Mortgage Loan Trust 2012-A by Green Tree
Servicing LLC

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DOLORES CHILLEMI,<br><br>       Plaintiff,<br><br>       v.<br><br>PHELAN HALLINAN &<br>DIAMOND, PC, and U.S. BANK,<br>N.A., AS TRUSTEE ON BEHALF<br>OF CITIGROUP MORTGAGE<br>LOAN TRUST 2012-A BY GREEN<br>TREE SERVICING LLC,<br><br>       Defendants. | Civil Action No.<br>3:15-cv-06387-PGS-LHG<br><br><br>*Motion Returnable: May 1, 2017* |

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO
DISMISS PLAINTIFF'S COMPLAINT**

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................1

STATEMENT OF FACTS AND RELEVANT PROCEDURAL HISTORY ..........2

      A.    Plaintiffs Applied for and Obtained a Loan to Purchase Their Property. ...............................................................................2

      B.    The Foreclosure Action. ...........................................................2

      C.    Plaintiffs Filed the Complaint as a Collateral Attack on the Foreclosure. ...........................................................................2

LEGAL ARGUMENT ...........................................................................3

I.      PLAINTIFF'S CLAIMS ARE BARRED BY THE YOUNGER DOCTRINE ...................................................................................3

II.    PLAINTIFF'S CLAIMS ARE BARRED BY THE COLORADO RIVER ABSTENTION DOCTRINE ..............................................5

III.   THE ENTIRE CONTROVERSY DOCTRINE PREVENTS PLAINTIFF FROM RAISING HER UNTIMELY CLAIMS IN THIS ACTION ...................................................................................5

IV.   PLAINTIFF'S CLAIMS ARE BARRED BY *RES JUDICATA* AND COLLATERAL ESTOPPEL ..........................................................6

V.    U.S. BANK DID NOT VIOLATE THE FDCPA. ...........................7

      A.    Plaintiff's Complaint Fails to Allege Any Sort of Abusive, Deceptive, or Unfair Debt Collection Practice that the FDCPA Was Intended to Prevent. .....................................................8

      B.    Plaintiff's Claim Under the FDCPA is Legally Deficient. ...................9

VI.   PLAINTIFF HAS ABANDONED HER CLAIM UNDER THE CFA ........10

CONCLUSION ...................................................................................11

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*500 Columbia Turnpike Assocs. v. Haselmann*,
  275 N.J. Super. 166 (App. Div. 1994) ...............................................................10

*Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*,
  111 F.3d 1322 (7th Cir. 1997) ...........................................................................8

*Curtis v. Treloar*,
  No. Civ. A. 96–1239 (MLC), 1998 WL 1110448 (D.N.J. Aug. 27,
  1998) ....................................................................................................................10

*Downey v. Perrault*,
  No. 09-1018, 2009 WL 3030051 (D.N.J. Sep. 15, 2009).....................................4

*FTC v. Check Investors, Inc.*,
  502 F.3d 159 (3d Cir. 2007) ................................................................................8

*Great Falls Bank v. Pardo*,
  263 N.J. Super. 388 (Ch. Div. 1993) ...................................................................6

*Lazaridis v. Wehmer*,
  591 F.3d 666 (3rd Cir. 2010) ...............................................................................3

*Leisure Tech. v. Klingbeil Holdings Co.*,
  349 A.2d 96 (App. Div. 1975)..............................................................................5

*Pena v. U.S. Bank National Assoc., et al*,
  Civ. No. 15-cv-1476 (D.N.J. July 8, 2015) .........................................................4

*S. Jersey Catholic Sch. Teachers Org. v. St. Teresa of the Infant Jesus
  Church Elementary Sch.*,
  150 N.J. 575 (1997) ...........................................................................................10

*Speth v. Goode*,
  No. 95-0264 (JBS), 2010 U.S. Dist. LEXIS 63404 (D.N.J. June 23,
  2010) ...................................................................................................................10

*Sprint Communications, Inc. v. Jacobs*,
    517 U.S. \_\_\_, 134 S.C.t 584, 187 L.Ed.2d 505 (2013).........................................4

*Staub v. Harris*,
    626 F.2d 275 (3d Cir. 1980) ...............................................................................8

*Younger v. Harris*,
    401 U.S. 37 (1971).............................................................................................3

*Zlupko v. Washington Mutual Bank*,
    2004 WL 2297400 (E.D.Pa. Oct. 13, 2004) .......................................................7

**Statutes**

15 U.S.C. § 1692a(6)(A) .........................................................................................7

## PRELIMINARY STATEMENT

Plaintiff Delores Chillemi's ("Plaintiff") Opposition to Defendant U.S. Bank, N.A., as Trustee on behalf of Citigroup Mortgage Loan Trust 2012-A by Ditech Financial LLC, s/h/a U.S. Bank, N.A., as Trustee on behalf of Citigroup Mortgage Loan Trust 2012-A by Green Tree Servicing LLC.'s ("U.S. Bank") Motion to Dismiss does nothing to alter the conclusion that Plaintiff's claims are properly dismissed.  There is nothing that can change the fact that this Court has no jurisdiction over Plaintiff's claims and that she has no claim in connection with her loan where the State Court has already found Defendant had standing to foreclose.

Plaintiff's claims are barred by the *Rooker-Feldman*, *Younger*, *Colorado River* Abstention, Entire Controversy, *res judicata* and collateral estoppel doctrines.  Plaintiff's Complaint in this action is simply a collateral attack on the Foreclosure Action, where the Chancery Division has already affirmed U.S. Bank's right to foreclose.  As was set forth in great detail in Defendant's moving papers, this Court has no jurisdiction over Plaintiff's claims.

Beyond being barred, Plaintiff's claims have no merit.  It is clear that Plaintiff fundamentally misunderstands the law—going as far to state that U.S. Bank's Motion to Dismiss "constitutes the [*sic*] violations of the FDCPA and NJCFA."  Plaintiff's claims against U.S. Bank are unsustainable and properly dismissed with prejudice.

- 1 -

### STATEMENT OF FACTS AND RELEVANT PROCEDURAL HISTORY

**A.     Plaintiffs Applied for and Obtained a Loan to Purchase Their Property.**

On July 4, 2007, Plaintiff executed a Note in the amount of $622,500.00 to American Brokers Conduit ("Note").   *Cox Decl.., Ex. C at ¶¶ 1-2.*   To secure the Note, Plaintiff executed a Mortgage ("Mortgage") in favor of Mortgage Electronic Registration Systems, Inc. as a nominee for American Brokers Conduit, its Successors and Assigns.  *Id.*  The Mortgage was recorded on June 7, 2007.  *Id.*

The Mortgage was subsequently assigned to U.S. Bank., N.A. as Trustee on behalf of Citigroup Mortgage Loan Trust 2012-A, its successors and assigns, and the Assignment of Mortgage were recorded.  *Id.*

**B.     The Foreclosure Action.**

Plaintiffs failed to make the payments due and the loan went into default. Due to the default, U.S. Bank filed a Foreclosure Complaint on October 21, 2014 (the "Foreclosure Action").  *Cox Decl., Ex. C.*  Pursuant to New Jersey law, U.S. Bank has standing to foreclose by virtue of the publicly recorded Assignment of Mortgage.  This was affirmed by the Honorable Patricia Del Bueno Cleary, P.J.Ch., when she granted U.S. Bank's Motion for Summary Judgment on August 5, 2016.  *Cox Decl., Ex. J.*

**C.     Plaintiffs Filed the Complaint as a Collateral Attack on the Foreclosure.**

While the Foreclosure Action was pending, Plaintiff filed the instant Complaint on August 21, 2015.  *Cox Decl., Ex. A.*  The matter was stayed and

administratively terminated "pending the outcome" of the Foreclosure Action. *Cox Decl., Ex. N.* On September 26, 2016, Plaintiff requested that the matter be restored to the Court's Docket because "the pending State Court Foreclosure Action has now been adjudged uncontested, inclusive of the dismissal with prejudice of our client's claims and defenses." [*ECF No.: 17.*][1] Plaintiff served U.S. Bank on February 17, 2017. *Cox Decl., Ex. P.* Defendants requested a Clerk's extension of time to answer or move to March 24, 2017, which was granted. [*ECF No.: 31*]. U.S. Bank has filed this Motion to Dismiss and request that this Court dismiss all of Plaintiff's claims with prejudice.

## LEGAL ARGUMENT

### I. PLAINTIFF'S CLAIMS ARE BARRED BY THE YOUNGER DOCTRINE

It is well settled that a federal court "must abstain" from exercising jurisdiction when: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3rd Cir. 2010); *see also Younger v. Harris*, 401 U.S. 37 (1971). Despite Plaintiff's contention to the contrary, the issues in the matter before the Court are wholly tied to the State Court Foreclosure

---

[1] Counsel for defendant Phelan Hallinan Diamond & Jones, PC, wrote to the Court urging the Court to deny the request as premature because the Foreclosure Action was still pending Final Judgment. [*ECF No. 19*].

Action.  In fact, contrary to Plaintiff's allegations, she unsuccessfully raised these same exact issues before the State Court.  *See Declaration of Melinda Colon Cox, Ex. A-D.*

Plaintiff argues that following the Supreme Court's decision in *Sprint Communications, Inc. v. Jacobs*, 517 U.S. ___, 134 S.C.t 584, 187 L.Ed.2d 505 (2013), the *Younger* Abstention Doctrine is inapplicable.  However, at least one court in this district has recently found that the *Younger* Doctrine still applies to Foreclosure Actions.  *See Pena v. U.S. Bank National Assoc.*, et al, Civ. No. 15-cv-1476 (D.N.J. July 8, 2015).  Through this action, Plaintiff is clearly trying to prevent the state court from exercising its judicial function of finalizing the foreclosure through a final judgment.

The law is clear that where claims asserted in this case were already litigated in the pending foreclosure proceeding, *Younger* abstention applies to prevent re-litigation in this separate action.  *Downey v. Perrault*, No. 09-1018, 2009 WL 3030051 (D.N.J. Sep. 15, 2009) (applying *Younger* abstention doctrine to state court mortgage foreclosure proceedings).

As stated in the moving brief, the foreclosure is ongoing and all of the *Younger* elements are satisfied:  (1) foreclosures in New Jersey are judicial in nature, (2) there is a state interest in the proceedings as they implicate real property and state court laws govern the foreclosure process; and (3) Plaintiff had an

- 4 -

adequate opportunity to raise her claims in State Court, in fact, and did.  Property rights are clearly a state issue and Plaintiff could have—and did—bring any claims she had related to the loan in the Foreclosure Action.  Accordingly, the Complaint should be dismissed.

## II.   PLAINTIFF'S CLAIMS ARE BARRED BY THE *COLORADO RIVER* ABSTENTION DOCTRINE

Even if Plaintiff could overcome the above, which she cannot, the Court should abstain from hearing Plaintiff's case under the *Colorado River* Abstention Doctrine.  Plaintiff does not even address the *Colorado River* Abstention doctrine in her opposition.  As was set forth in U.S. Bank's moving papers, application of the *Colorado River* Abstention Doctrine is proper in this action.

## III.   THE   ENTIRE   CONTROVERSY   DOCTRINE   PREVENTS PLAINTIFF FROM RAISING HER UNTIMELY CLAIMS IN THIS ACTION

While Plaintiff's arguments related to the *Rooker-Feldman* and *Younger* Doctrines are weak, their opposition to Plaintiff's contention that the Entire Controversy Doctrine bars her claims is particularly unfounded.   The Entire Controversy Doctrine extends to claims that are germane to the Foreclosure Action.  *Leisure Tech. v. Klingbeil Holdings Co.*, 349 A.2d 96, 97 (App. Div. 1975).  Germane claims are defined as those claims "arising out of the mortgage transaction which is the subject of the foreclosure action."  *Id.*  There are only three (3) elements that must be shown in order to establish the right to foreclose.  To

prevail in a foreclosure action a lender only needs to prove: the validity of the loan documents (the note and mortgage); the alleged default; and the right to foreclose. *Great Falls Bank v. Pardo*, 263 N.J. Super. 388 (Ch. Div. 1993).

The basis for all of Plaintiff's claims is that "'U.S. Bank, N.A. As Trustee on Behalf of Citigroup Mortgage Loan Trust 2012-A By Green Tree Servicing LLC" is a fictitious entity that is not legally capable or authorized to prosecute a state court foreclosure action." [*Opp. Br. at 1, ECF No. 37*.]  Because the third element required to sustain a foreclosure action is that the foreclosing entity has standing to foreclose, the State Court rejected this argument in Granting U.S. Bank's Motion for Summary Judgment in the Foreclosure Action.  Accordingly, Plaintiff's claims are properly dismissed under the Entire Controversy Doctrine.

## IV.   PLAINTIFF'S CLAIMS ARE BARRED BY *RES JUDICATA* AND COLLATERAL ESTOPPEL

All of Plaintiff's claims require this Court review the State Court's determination that U.S. Bank has standing to foreclose.  This Complaint is nothing more than a belated attempt by Plaintiff to circumvent the imposition final judgment and raise the same claims that the state court already found to be meritless.  Plaintiff's claims are barred by the preclusive doctrines cited above and must be dismissed accordingly.

## V.   U.S. BANK DID NOT VIOLATE THE FDCPA.

As stated in Defendant's moving papers, and incorporated herein by reference, the FDCPA does not apply here.   First and foremost, Plaintiff still has not identified specifically what communications he is alleging violated the FDCPA, how those unidentified communications violated the FDCPA or when the communication occurred.   The lack of specificity alone warrants dismissal of his claim.   What Plaintiff does allege is that "Defendants continue to seek to enforce this debt and pursue a foreclosure action even though the plaintiff named therein lacks standing to foreclose on the collateral of the subject debt." *Cox Decl.., Ex. A at ¶ 2.*   As stated above, this argument has already been rejected by the State Court in the Foreclosure Action.

In reality, even if Plaintiff's allegations had not already been rejected by the State Court, U.S. Bank would be considered a creditor taking action related to its own debt and not debt collectors.   Creditors are not considered to be "debt collectors" under the FDCPA.   15 U.S.C. § 1692a(6)(A) ("The term ['debt collector'] does not include . . . any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor. ").   Mortgage lenders and servicers "are generally exempt from the FDCPA." *Zlupko v. Washington Mutual Bank*, 2004 WL 2297400, at *2 n. 2 (E.D.Pa. Oct. 13, 2004).

- 7 -

Plaintiff's FDCPA claim fails in every respect and should be dismissed as to these Defendants.

**A.    Plaintiff's Complaint Fails to Allege Any Sort of Abusive, Deceptive, or Unfair Debt Collection Practice that the FDCPA Was Intended to Prevent.**

Even if the FDCPA were to apply to U.S. Bank, Plaintiff's claims are legally deficient.  "[T]he FDCPA was enacted in 1977 as an amendment to the Consumer Credit Protection Act 'to protect consumers from a host of unfair, harassing, and deceptive collection practices without imposing unnecessary restrictions on ethical debt collectors.'"  *FTC v. Check Investors, Inc.*, 502 F.3d 159, 165 (3d Cir. 2007), (citing *Staub v. Harris*, 626 F.2d 275, 276-77 (3d Cir. 1980)).  Thus, "[t]he primary goal of the FDCPA is to protect consumers from abusive, deceptive, and unfair debt collection practices, including threats of violence, use of obscene language, certain contacts with acquaintances of the consumer, late night phone calls, and simulated legal process."  *FTC*, *supra*, 502 F.3d at 165, (quoting *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th Cir. 1997) (citation omitted)).

Here, Plaintiff cannot establish that U.S. Bank engaged in any sort of abusive, deceptive, or unfair debt collection practice that the FDCPA was intended to prevent.  Rather, the only claim against U.S. Bank is that it took steps to secure the Property, as permitted by the Mortgage.

Therefore, Plaintiff's claims that U.S. Bank violated the FDCPA should be dismissed with prejudice.

**B.    Plaintiff's Claim Under the FDCPA is Legally Deficient.**

Notwithstanding the deficiencies to Plaintiff's claims set forth above, Plaintiff's claims also fail to identify any actionable "communication" in violation of § 1692(d) of the FDCPA.  Section 1692(d) states:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> **(1)** The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.
>
> **(2)** The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.
>
> **(3)** The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) [1] of this title.
>
> **(4)** The advertisement for sale of any debt to coerce payment of the debt.
>
> **(5)** Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
>
> **(6)** Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

- 9 -

As stated above, U.S. Bank is seeking to collect its own debt by foreclosing on Plaintiff's loan—and the State Court has already determined that it has standing to do so.  Plaintiff's claim against U.S. Bank for violation of the FDCPA should be dismissed.

## VI.   PLAINTIFF HAS ABANDONED HER CLAIM UNDER THE CFA

Plaintiff has abandoned claims under the New Jersey Consumer Fraud Act ("CFA"), as she has failed to offer any opposition to Defendants' that the claim must be dismissed as a matter of law.

Where, as here, a party brings claims, but then fails to rebut or even address arguments presented in a dispositive motion, the claims which were not responded to must be deemed abandoned.  *See S. Jersey Catholic Sch. Teachers Org. v. St. Teresa of the Infant Jesus Church Elementary Sch.*, 150 N.J. 575, 598 (1997) ("Issues that are raised but are not supported with arguments are deemed waived."); *500 Columbia Turnpike Assocs. v. Haselmann*, 275 N.J. Super. 166, 172, (App. Div. 1994) (dismissing aspects of cross-appeal that were raised but not supported by any argument in briefing); *Speth v. Goode*, No. 95-0264 (JBS), 2010 U.S. Dist. LEXIS 63404, at *17-18 (D.N.J. June 23, 2010) (dismissing as abandoned claims not addressed in opposition to a motion to dismiss); *Curtis v. Treloar*, No. Civ. A. 96–1239 (MLC), 1998 WL 1110448, at *9 (D.N.J. Aug. 27, 1998) ("…plaintiffs appear to have abandoned [Count II], as they have failed to

offer any argument or evidence on that claim in opposition to defendants' motion."). Whether it is because they have no merit or they have been abandoned, Plaintiff's CFA claim should be dismissed with prejudice.

## CONCLUSION

For the reasons set forth herein and in Defendant's moving brief, Defendant U.S. Bank, N.A. respectfully requests that this Court dismiss all of the allegations against them in Plaintiff's Complaint with prejudice.

**REED SMITH LLP**
*Attorneys for Defendant U.S. Bank, N.A., as Trustee on behalf of Citigroup Mortgage Loan Trust 2012-A by Ditech Financial LLC, s/h/a U.S. Bank, N.A., as Trustee on behalf of Citigroup Mortgage Loan Trust 2012-A by Green Tree Servicing LLC*

By:  _s/Brian P. Matthews_
       Brian P. Matthews

Dated:  April 24, 2017