UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Delores Chillemi,<br><br>   Plaintiff,<br><br>v.<br><br>Phelan Hallinan & Diamond, PC, and U.S. Bank, NA,<br><br>   Defendants. | Civil Action No.<br>3:17-cv-10507 (PGS) (LHG)<br><br>MEMORANDUM<br>AND ORDER |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on a motion filed by Defendant Phelan Hallinan Diamond & Jones (Phelan) to dismiss for lack of subject matter jurisdiction. Plaintiff alleges Defendants wrongfully initiated a foreclosure action, in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 to 1692p, and the New Jersey Consumer Fraud Act (NJCFA), N.J.S.A. § 56:8-1 to -20. (*See* Complaint). Phelan claims it recently acquired "documentary evidence which confirmed . . . that this matter falls outside the scope of" the FDCPA and the NJCFA. ECF 62-1.

Under Federal Rule of Civil Procedure 12(h)(3), "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." The FDCPA defines debt as, in pertinent part, requiring a showing that the "obligation to pay money" is "primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). "Many courts have found that the FDCPA does not apply to debts associated with investment properties because the debt was not incurred for '*personal, family, or household purposes.*'" *Akinfaderin-Abua v. Dimaiolo*, 2014

WL 345690, at *3 (D.N.J. Jan. 30, 2014) (collecting cases). Federal District Courts do not have jurisdiction under the FDCPA over disputes relating to obligations that are outside the statutory definition of debt. *See Staub v. Harris*, 626 F.2d 275 (3d Cir. 1980).

Plaintiff, in completing the refinance application, represented that the property was for "investment"; indicated her "present address" was different from the property that was the subject of the loan; and stated that the property was a rental with $2,137.50 monthly income. (Certification of Yoder, Exhibit A, at 1-3). Finally, the loan closing instructions indicate that the property type/occupancy is "1 Family/Investment Prop." *Id.* at 5. Even accepting Plaintiff's argument that the purpose of the refinance was for "Cash-Out/Other," *see id.* at 1, the loan amount was *primarily* used to refinance the investment property, *see id.* at 3.

The evidence presented with Phelan's application establishes that the obligation at issue is for plaintiff's rental property. The refinancing was therefore not "primarily for personal, family, or household purposes," and is outside the FDCPA definition of debt. 15 U.S.C. §1692a(5). The Court therefore lacks subject matter jurisdiction to adjudicate this dispute and shall not exercise supplemental jurisdiction over Plaintiff's NJCFA claim under 28 U.S.C. § 1367(a).

### ORDER

Having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments advanced; for good cause shown, and for the foregoing reasons,

IT IS on this ___19___ day of September, 2018,

ORDERED that Defendant Phelan's motion to dismiss be and hereby is GRANTED with prejudice. The clerk is directed to close the file.

_____
PETER G. SHERIDAN, U.S.D.J.